# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1. I, Bernard Delattre, on behalf of Altimeo Asset Management ("Altimeo"), with authority to enter into litigation on behalf of Altimeo, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against WuXi PharmaTech (Cayman) Inc. ("WuXi" or the "Company") and authorize the filing of a motion on Altimeo's behalf for appointment as lead plaintiff.

3. Altimeo did not purchase or acquire WuXi securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. Altimeo is willing to serve as a representative party on behalf of a Class of investors who purchased or acquired WuXi securities during the Class Period as specified in the Complaint, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of Altimeo's transactions in WuXi securities during the Class Period.

6. During the three-year period preceding the date on which this Certification is signed, Altimeo has served or sought to serve as a representative party, and/or filed a complaint on behalf of a class under the federal securities laws in the following actions:

- *Fasano et al. v. Li et al.*, 1:16-cv-08759 (S.D.N.Y.)
- *ODS Capital LLC v. JA Solar Holdings Co. Ltd et al*, 1:18-cv-12083 (S.D.N.Y.)

7. Altimeo agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed __2019/02/20__
          (Date)

_____
(Signature)

__Bernard DELATTRE__
(Print Name)

__President__
(Title)

## ASSIGNMENT

Altimeo Optimum ("Assignor") hereby assigns, transfers and sets over to Altimeo Asset Management all rights, title, and interest of the Assignor in any and all claims, demands, and causes of action of any kind whatsoever which the Assignor has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase or sale of the publicly traded securities of WuXi PharmaTech (Cayman) Inc. Further, the Assignor hereby appoints Altimeo Asset Management as its true and lawful attorney-in-fact for the purpose of exercising all powers relating to such causes of action. Altimeo Asset Management agrees to remit any proceeds received as a result of this assignment to the Assignor.

This Assignment (which is coupled with an interest) may not be revoked without the written consent of Altimeo Asset Management.

This Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns.

I declare under penalty of perjury that the foregoing is true and correct.

Executed  2019/02/20
          (Date)

_____
(Signature)

Bernard DELATTRE
(Type or Print Name)

President
(Title)

**On behalf of Altimeo Optimum**

{00313257;1 }