UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTIMEO ASSET MANAGEMENT, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>WUXI PHARMATECH (CAYMAN) INC., GE LI, EDWARD HU, NING ZHAO, XIAOZHONG LIU, ZHAOHUI ZHANG, NEW WUXI LIFE SCIENCE HOLDINGS LIMITED, NEW WUXI LIFE SCIENCE LIMITED, WUXI MERGER LIMITED, G&C PARTNERSHIP L.P., ABG II-WX LIMITED, BOYU CAPITAL FUND II, L.P., HILLHOUSE CAPITAL FUND II, L.P., PING AN LIFE INSURANCE COMPANY OF CHINA. LTD., TEMASEK LIFE SCIENCES PRIVATE LIMITED, G&C IV LIMITED, YINFU CAPITAL MANAGEMENT CO., YUNFENG II WX LIMITED, SEQUOIA CAPITAL CHINA GROWTH FUND III, L.P., CONSTANT CYPRESS LIMITED, and SPDB INTERNATIONAL HOLDINGS LIMITED,<br><br>      Defendants. | Case No.  1:19-cv-01654-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALTIMEO ASSET MANAGEMENT FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 3

ARGUMENT ..... 6

I. ALTIMEO SHOULD BE APPOINTED LEAD PLAINTIFF ..... 6

A. Altimeo is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ..... 7

B. Altimeo has the "largest financial interest" in the Action. ..... 7

C. Altimeo otherwise satisfies the Requirements of Rule 23. ..... 8

II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..... 11

CONCLUSION ..... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
    2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ........................................................ 8, 9

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (2d Cir. 1992) ................................................................................................. 9

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
    2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ....................................................... 8

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
    2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) ....................................................... 10

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................................... 10

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ....................................................................................... 3, 11

*In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*,
    2015 U.S. Dist. LEXIS 119183 (S.D.N.Y. Sept. 8, 2015) ..................................................... 11

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ......................................................... 8

*In re Doral Fin. Corp. Sec. Litig.*,
    414 F. Supp. 2d 398 (S.D.N.Y. 2006) ................................................................................... 11

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992) .................................................................................................... 9

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 8

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
    2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .......................................................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 9

*In re Veeco Instruments, Inc.*,
    233 F.R.D. 330 (S.D.N.Y. 2005) ....................................................................................... 3, 11

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ................................................................................................9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ..............................................................................................11

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..............................................................8

*Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*,
    2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018) ....................................................3, 11

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ........................................................8

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ......................................................................................11

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. *passim*

## Rules

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Altimeo Asset Management ("Altimeo") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Altimeo as Lead Plaintiff on behalf of all persons who sold the securities of WuXi PharmaTech (Cayman) Inc. ("WuXi" or the "Company") between September 1, 2015 and December 10, 2015, both dates inclusive (the "Class Period") or purchased WuXi securities during the Class Period and held such shares through December 10, 2015; and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

It is critically important that a sophisticated institutional investor oversee the litigation of this action by experienced legal counsel. The complaint in this action alleges a very significant fraud perpetrated on the investors in WuXi during the Class Period, arising from a scheme by WuXi and certain of its officers and/or directors to depress the value of WuXi's stock and American depositary shares ("ADS") in order to avoid paying a fair price to WuXi's shareholders during a transaction to take the Company private. *See generally* Dkt. No. 1 (the "Complaint"). The ability of WuXi investors to recover their losses arising from the alleged fraud rests up on the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA. Altimeo is the best choice to serve as Lead Plaintiff. Its chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

During the Class Period, WuXi and certain of its officers (collectively, "Defendants") allegedly defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5

promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting WuXi's business and operations. WuXi investors, including Altimeo, incurred significant losses resulting from the false and misleading statements made by Defendants in the proxy materials issued in connection with the merger, for the purpose of depressing the value of WuXi securities in order to avoid paying the Company's investors a fair price during WuXi's purported going-private transaction. *See* Complaint, ¶¶ 3, 5-14.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Altimeo, an institutional investor that held 192,148 ADS at the end of the Class Period, believes that it has the largest financial interest in the relief sought in this action.[1]

Beyond its considerable financial interest, Altimeo also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and it will fairly and adequately represent the interests of the Class. As a sophisticated institutional investor, Altimeo is a paradigmatic lead plaintiff under the PSLRA, and its appointment would advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733. For this reason, courts in the Second Circuit strongly prefer appointment of institutional investors

---

[1] Altimeo is an institutional asset manager that manages investment assets through separate funds and is authorized to bring legal action on their behalves. Prior to seeking appointment as Lead Plaintiff, Altimeo obtained valid assignments of the claims of the funds Altimeo Optimum. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Altimeo's President, Bernard Delattre, has authority to bind Altimeo Optimum, and in that capacity executed the foregoing assignment on behalf of Altimeo Optimum. As such, all references herein to Altimeo's financial interest include that of Altimeo and Altimeo Optimum.

to lead complex securities class actions. *See, e.g.*, *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*, 2018 U.S. Dist. LEXIS 41120, at *17 (S.D.N.Y. Mar. 13, 2018) ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs.").

In order to fulfill its responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, Altimeo has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on its very significant financial interest, and its commitment as a sophisticated institutional investor to overseeing this litigation, Altimeo respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving its selection of Lead Counsel.

### STATEMENT OF FACTS

As alleged in the Complaint, WuXi purports to be an integrated R&D services platform along the entire value chain of drug discovery and development, with one of the broadest integrated service and technology platforms in the life-science industry, from discovery to preclinical development to clinical development.

Originally incorporated in China, on March 16, 2007, the Company reincorporated in the

Cayman Islands in advance of its initial public offering ("IPO") of its ADS, each representing eight ordinary shares, on the New York Stock Exchange ("NYSE"), in August 2007.

Upon its reincorporation in the Cayman Islands, the Company became a holding company for its numerous pharmaceutical, biotechnology, and medical device research and development services companies operating in the United States and China. Among the Company's subsidiaries were WuXi AppTec, WuXi Biologics, and WuXi NextCODE.

Through WuXi AppTec, the Company provided comprehensive and FDA, OECD, CFDA, and GLP-compliant bioanalysis services to support preclinical and clinical development for small molecule drugs, biologics, vaccines and pharmacodynamic biomarkers. WuXi Biologics was the Company's biologics services provider that offered comprehensive, integrated and highly customizable services through our teams of scientists, proprietary technology platform and know-how, state-of-the-art laboratories, and cGMP-compliant manufacturing facilities to pharmaceutical and biotechnology companies. WuXi NextCODE is a leading genomic analysis and bioinformatics company with operations in the United States and Iceland, which the Company acquired on January 9, 2015, $65 million.

On April 30, 2015, the Company announced that the day prior it had received a preliminary non-binding proposal letter to acquire all outstanding shares of the Company for $46.00 in cash per ADS. The take-private offer was made by a group of investors led by Wuxi's founder, chairman, and chief executive officer ("CEO"), Li and Ally Bridge Group Capital Partners ("Ally"), a global healthcare-focused investment group, founded and led by Mr. Frank Yu.

On August 14, 2015, the Company announced that it had entered into a definitive Agreement and Plan of Merger (the "Merger Agreement") with New WuXi Life Science Limited

("Parent") and WuXi Merger Limited ("Merger Sub"), a wholly owned subsidiary of Parent, for approximately $3.62 billion, equal to $46 per ADS (the "Merger").

The Company's extraordinary general meeting of shareholders where WuXi shareholders were asked to approve the acquisition was scheduled for November 25, 2015. In support of the forthcoming shareholder vote, the Defendants issued numerous false and misleading statements, designed to undervalue the Company by omitting Defendants' intentions to spin-off and publicly list shares of its various subsidiaries in the People's Republic of China.

Not long after WuXi was delisted from the NYSE on December 10, 2015, Defendants put their plan into action and started to spin-off off and/or publicly listed the securities of its subsidiaries, including WuXi Biologics, WuXi NextCODE, and WuXi AppTec, resulting in astronomical gains for Defendants within the short period since consummation of the Merger.

On June 6, 2017, it was announced that Defendants had completed an IPO of its former subsidiary, WuXi Biologics, raising over $510 million, at a valuation of over $3 billion. In June 2018 it was reported in Asian financial media that Defendants (defined below) sold a 4.08% equity stake in WuXi Biologics for $505 million, equating to a total equity value of over $12.3 billion for the company.

In September 2017, WuXi NextCODE raised $240 million in its series B financing round, valuing the company at $1.2 billion. One year later, on November 27, 2018 WuXi NextCODE announced that it closed its series C financing round, raising an additional $200 million.

Lastly, On May 8, 2018, WuXi AppTec completed its A-share initial public offering and listing on the Shanghai Stock Exchange, after receiving fast-track approval by China's securities regulator. The offering raised $354 million, at a $3.5 billion valuation.

After seeing its stock price on the Shanghai Stock Exchange more than triple since its IPO, in July 2018, WuXi AppTec filed a prospectus in Hong Kong to become dual listed. On December 12, 2018, WuXi AppTec announced that it had raised $1.01 billion in its Hong Kong debut listing. WuXi AppTec's Honk Kong IPO valued WuXi's former subsidiary at $10.2 billion, approximately three times the value Defendants paid for the entire Company barely two years prior.

## ARGUMENT

### I. ALTIMEO SHOULD BE APPOINTED LEAD PLAINTIFF

Altimeo should be appointed Lead Plaintiff because, to its knowledge, Altimeo has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Altimeo satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Altimeo is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On February 22, 2019, counsel for Altimeo, as plaintiff in the above-captioned action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced the pendency of this action and advised investors in WuXi securities that they had until April 23, 2019, to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B. Altimeo has timely filed the instant motion pursuant to the Notice, and has attached a sworn Certification executed by Bernard Delattre, its President, attesting that Altimeo is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Altimeo satisfies the first requirement to serve as Lead Plaintiff of the Class.

Altimeo is, in every respect, exactly the sort of well-managed, sophisticated institutional investor that Congress intended to fulfill the lead plaintiff role created by the PSLRA. Altimeo is a highly sophisticated independent portfolio management company based in France and approved by the French Financial Authority, with significant assets under management.

### B. Altimeo has the "largest financial interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, Altimeo has the largest financial interest of any WuXi investor seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment, courts frequently assess financial interest based upon the factors

7

articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, including, *inter alia*, the number of shares purchased and sold during the class period, the number of shares retained at the end of the Class Period, and the total net funds expended during the class period. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit. *See*, *e.g.*, *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007); *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Altimeo purchased 192,148 WuXi ADS, expended $8,691,762 on those purchases, and retained all of its ADS at the end of the Class Period. *See* Lieberman Decl., Ex. D. To the extent that Altimeo possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Altimeo otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). In making its

8

determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude* 2018 U.S. Dist. LEXIS 57591, at *8; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Altimeo's claims are typical of those of the Class. Altimeo alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning WuXi. Altimeo, as did all members of the Class, held WuXi securities during the Class Period, and was harmed by Defendants' alleged scheme to depress the value of WuXi's stock and ADS in order to avoid paying a fair price to WuXi's shareholders. These shared

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below Altimeo has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Altimeo's interests and the interests of the Class. Altimeo has submitted a signed Certification declaring its commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Altimeo demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

As noted above, Altimeo is a sophisticated institutional investor with significant assets under management. As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts strongly prefer appointment of

institutional investors to lead complex securities class actions. *See, e.g.*, *Glauser*, 236 F.R.D. at 188 ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments*, 233 F.R.D. at 332-33); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at *17 ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs."); *In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*, 2015 U.S. Dist. LEXIS 119183, at *14 (S.D.N.Y. Sept. 8, 2015) (appointing as lead plaintiff "an institutional investor, the type of investor Congress prefers as lead plaintiff"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 n. 8 (S.D.N.Y. 2006) (appointing as lead plaintiff a "large institutional investor . . . precisely the type of plaintiff envisioned under the PSLRA").

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).

Here, Altimeo has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured

a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States, as well as an $80 million settlement on behalf of Yahoo Inc. investors. Courts in this Judicial District, the Second Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Schiro v. CEMEX, S.A.B. de C.V.*, 1:18-cv-2352 (S.D.N.Y.); *Brady v. Top Ships Inc.*, 2:17-cv-4987 (E.D.N.Y.); *Smith v. Antares Pharma, Inc.*, 3:17-cv-8945 (D.N.J.) and *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah). *See* Lieberman Decl., Ex. E.

Altimeo's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Altimeo's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Altimeo respectfully requests that the Court issue an Order: (1) appointing Altimeo as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated: April 23, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　POMERANTZ LLP

　　　　　　　　　　　　　　　　　　　　*/s/ Jeremy A. Lieberman*
　　　　　　　　　　　　　　　　　　　　Jeremy A. Lieberman
　　　　　　　　　　　　　　　　　　　　J. Alexander Hood II
　　　　　　　　　　　　　　　　　　　　Jonathan D. Lindenfeld
　　　　　　　　　　　　　　　　　　　　600 Third Avenue, 20th Floor
　　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 661-1100
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 661-8665
　　　　　　　　　　　　　　　　　　　　Email: jalieberman@pomlaw.com

        Email: ahood@pomlaw.com
        Email: jlindenfeld@pomlaw.com

        POMERANTZ LLP
        Patrick V. Dahlstrom
        Ten South LaSalle Street, Suite 3505
        Chicago, Illinois 60603
        Telephone: (312) 377-1181
        Facsimile: (312) 377-1184
        Email:  pdahlstrom@pomlaw.com

        *Counsel for Altimeo Asset Management and*
        *Proposed Lead Counsel for the Class*